**ERIKA, INC.**

v.

**The UNITED STATES.**

No. 374–77.

United States Court of Claims.

Feb. 6, 1981.

---

Stephen H. Oleskey, Boston, Mass., atty. of record for plaintiff. Timothy H. Gailey and Hale & Dorr, Boston, Mass., of counsel.

Dwight D. Meier, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant. Margaret J. Porter, Dept. of Health and Human Services, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, and DAVIS, NICHOLS, KASHIWA, KUNZIG, BENNETT and SMITH, Judges, en banc.

## ON DEFENDANT'S MOTION FOR REHEARING

### ORDER

The defendant has requested us to make clear that our opinion of October 22, 1980, 634 F.2d 580 (Ct.Cl.,) was not intended to invalidate a portion of section 5010.1 of the Medicare Carriers Manual.

In that opinion we held that in determining the plaintiff's reimbursable "reasonable charges" for Medicare services, The Prudential Insurance Company of America (Prudential), the plaintiff's insurance carrier, did not comply with the Medicare statute and the implementing regulations of the Secretary of Health, Education, and Welfare. The statute and regulations require that Medicare reimbursement be based upon the customary charge for such services in the locality where rendered during the "calendar year" "preceding" the year for which reimbursement was sought. Prudential based its determination of the plaintiff's reimbursement upon the plaintiff's charges on July 1, and refused to take account of the changes the plaintiff made in those charges, either before or after that date. We held that this was error because "[t]he statute and regulations did not permit Prudential to consider only Erika's charges on a single day in the middle of the preceding calendar year." P. 588.

Section 5010.1 of the Manual provides:

When a carrier does not have adequate statistics on charges for suppliers of medical equipment, prosthetics, ambulance services, or for new services, the fees charged and the price lists in effect as of June 30 of that calendar year only should be used. The intent is to use a price list which can reasonably be assumed not to exceed the median of the prices charged by the supplier for his items and services during the calendar year.

In our decision we were not purporting to, and did not, determine the validity of that provision. All we held was that "under the statute and regulations, Prudential cannot ignore the changes in Erika's prices during the preceding calendar year and base its determination solely upon Erika's catalogue prices as of July 1." P. 589.

More than a month-and-a-half after the government filed its motion for rehearing, the plaintiff filed a memorandum in opposition. In that memorandum the plaintiff stated that at a recent conference with defendant's counsel and representatives of the Social Security Administration and Prudential, plaintiff's counsel was informed that because of the passage of time, Prudential no longer had the necessary data (which the plaintiff previously had supplied) to make the calculations required under our decision of October 22, 1980. The plaintiff states that it was informed that if the court grants the government's motion for rehearing, Prudential will assert

that under the quoted language of section 5010.1 of the Medicare Carriers Manual it should be allowed on remand to use the single date catalogue approach which it was sued for using in the first place. It seeks, therefore, to evade completely the decision of this Court since such an action would result in Erika receiving no relief whatsoever for the improper actions of Prudential.

The clarification of our opinion that we are making in response to the defendant's motion for rehearing is intended solely to make clear that our decision implies nothing

with respect to the validity or invalidity of the provision of section 5010.1 of the Manual quoted above. Prudential is required to carry out our mandate that on remand it conduct "further proceedings in accordance with this opinion." Prudential cannot now invoke section 5010.1 in an attempt to avoid compliance with our decision, on the basis of its claim that it no longer has the data that the plaintiff submitted to it.